## NEW YORK SUPERIOR COURT.

### The Butchers' & Drovers' Bank of Providence agt. Jacobson and others.

On granting or denying an application for judgment, when made under section 247 of the Code, only the costs of a *motion* can be recovered.

The notice of that application is not a notice of a trial of the action; and the hearing of the application is not a *trial*, within the meaning of the word trial, as used in chapters 2, 3, 4 and 5 of title 8 of the Code, or as used in section 307, subs. 3 and 4.

*Special Term, February* 5, 1862.
*Before* Bosworth, *Ch. Justice.*

This is a motion by the defendants for a re-taxation of costs, on the ground that the clerk has allowed items not taxable. The facts are stated in the opinion.

Wm. B. Leeds, *for defendants.*
C. H. Smith, *for plaintiffs.*

Butchers' & Drovers' Bank of Providence agt. Jacobson.

BOSWORTH, Ch. Justice. Judgment has been given for the plaintiffs under section 247 of the Code, on a demurrer to their complaint, and the clerk has allowed them costs, viz : " after notice of trial and before trial, $10 ; trial of issue of law, $15 ; clerk's fee on trial, $1."

The defendants have appealed from the taxation, and insist that neither of these items is taxable.

In the *Rochester City Bank* agt. *Rapelye*, (12 *How.*, 26,) the supreme court, at general term, in the seventh district, in 1855, held that neither of these items was taxable. A well-reasoned opinion was delivered in support of the judgment. HARRIS, J., in *Gould* agt. *Carpenter*, (7 *How. Pr. R.*, 97–99,) held the same views. MORRIS, J., in *Roberts* agt. *Morrison*, (7 *How.*, 396,) in 1853 ; and the superior court of the city of Buffalo, in *Pratt* agt. *Allen*, (19 *How. Pr. R.*, 450,) in 1858, held that these items are taxable. In the latter case no notice is taken of the decision in 12 *How.*, 26, (*supra.*)

In the first place, there has been no notice of trial served in this case ; and there have not, therefore, been any proceedings subsequent to notice of trial and before trial, for which $10, or any other sum can be allowed.

Notice of trial must be given for a term of the court, and at least fourteen days prior to its commencement. (*Code,* § 256.) In such a case the attorney must file a note of issue; the clerk must place the cause on the calendar ; and the party, before he can be heard, must wait until the cause is reached in its order on the calendar. The cause must then be tried in open court, before the court. (*Code,* § 255.) The decision of the court upon the trial must be in writing, stating the conclusions of law. (*Code,* § 267.) For these services the Code allows to the prevailing party $10 costs for all proceedings subsequent to the notice of trial and before trial ; and $15 for the trial of the issue, and to the clerk a trial fee of $1. (*Code,* § 307, *subs.* 3 *and* 4, *and* § 312.)

Under section 247 the party may apply to a judge of the court, out of court, upon a notice of five days, for judgment. No note of issue is filed ; the cause is not placed on a calendar ; there is no delay in attending a term of the court, and waiting until the cause is reached ; and the clerk of the court performs no duties, and is not present.

Suppose the judge merely decides that the demurrer is not frivolous, and as a consequence that it must be noticed for trial and placed on the calendar ; what costs can be given ?

If the proceeding is a trial within the meaning of § 307, provided a judgment had been given against the demurrer as frivolous, it is none the less a trial because the judge decides it is not frivolous. Yet, I think it has not been pretended that it is not a proper disposition of the application to deny it in such a case, with the costs of a motion.

If it be a trial, such practice would be erroneous ; for if the party demurring finally succeeded and recovered costs, he would recover for this proceeding the items in question.

Section 307, in its provisions as to costs of a trial, and as to costs before notice of trial and for all subsequent proceedings before trial, refers exclusively to a trial as regulated by chapters 2, 3, 4 and 5 of title 8 of the Code.

Section 247 is part of the chapter entitled "judgment upon failure to answer," which consists of three sections. The first (§ 245) defines a judgment ; the second (§ 246) regulates the proceedings for taking judgment where there is no answer ; and the third (§ 247) enables a party to obtain judgment without the delay of a trial, where the answer or reply neither puts any material allegation of the previous pleading at issue, nor contains any substantive new matter, or where the pleading demurred to is clearly sufficient in law.

It is true, the court decides the controversy, if it holds the pleading alleged to be frivolous, to be so. But it does not determine the controversy, if it holds it not to be frivolous.

If a trial in the case first supposed, it must be in that last supposed, because the court gives all the consideration to and examination of the matter which section 247 contemplates, whether it grants or denies the application. But if the court denies it, it in effect decides that the cause must be tried as prescribed by the Code; and that the party, whose pleading is attacked as frivolous, is entitled to a trial, and declines to dispose of the issues upon their merits.

I think the questions raised by this appeal were correctly decided in 12 *How. Pr. R.*, 26, (*supra*,) and that there is no trial of a cause within the meaning of the word trial as used in section 252 or in section 307, (*subs. 2 and 4*,) and section 312, when judgment is ordered on a notice of five days, under section 247. There cannot be a trial of a cause before a judge of the court out of court, under any provisions of the Code. The application for judgment under section 247 may be heard out of court, and is allowed in the cases named in that section, to avoid the delay and expense of a trial.

A decision on motion, striking out an entire answer as sham, leaves the plaintiff at liberty to take judgment as a matter of course. It is, practically, as much a trial as a decision on a motion out of court, that a demurrer is frivolous. In the one case it is decided that the answer presents no real issue to be tried, for the reason that it is false and is put in, in bad faith, for delay; and in the other, that the demurrer presents no question worthy of consideration. But the decision in each case disposes of the action; yet neither proceeding is a trial, and each is merely a *motion*. (*The People* agt. *McCumber*, 18 *N. Y. R.*, 315–326.) The only costs allowable for making or opposing it, are those of a motion.

The taxation must be set aside, and the items in question be disallowed on a re-taxation.