## SUPREME COURT.

### John Bell agt. Jacob Noah and others.

Upon an application for judgment on account of the frivolousness of the pleading under § 247 of the Code, the weight of authority is against allowing a *trial fee* of $15. Costs of a motion, $10 only, can be allowed.

*Erie General Term, November,* 1862.

Marvin, *P. J.,* Davis, Grover and Hoyt, *Justices.*

Appeal from an order allowing a trial fee upon an application for judgment, under § 247 of the Code, upon the ground that the demurrer·to the complaint was frivolous.

Wm. Robertson, *for plaintiff.*
Humphrey & Parsons, *for defendants.*

By the court, Marvin, Justice. The weight of authority is against this allowance of $15 for a trial fee. In *Gould* agt. *Carpenter,* (7 *How. Pr. R.,* 97,) Justice Harris decided that the hearing of such application was not a trial. In *Lawrence* agt. *Davis,* (*id.,* 354,) Justice Roosevelt decided that the full costs of a trial were recoverable. The same decision was made in *Roberts* agt. *Morrison,* (*id.,* 396,) by Morris, Justice.

In *Roberts* agt. *Clark,* (10 *How.,* 451,) Justice Welles held such application to be a motion, and that the prevailing party could only have motion costs. In *Marquiser* agt. *Bingham,* (12 *How.,* 399,) Justice Balcom, upon a motion for judgment upon the ground that the answer was frivolous, held that the costs of a motion, $10 only, could be allowed.

In the *Rochester City Bank* agt. *Rapelje,* (12 *How.,* 26,) it was decided by the general term in the 7th district that upon such an application there was no trial of an issue as defined by the Code; that if the judge does not see the

demurrer, answer or reply to be frivolous, he makes no decision of the issue, but simply decides that it is not frivolous. Justice WELLES examines the various provisions of the Code bearing upon the question, and I fully concur in the opinion. (*See also The People* agt. *McCumber*, 18 *N. Y. R.*, 324–5.)

The order of the special term must be reversed, and the trial fee, $15, disallowed.