# NEW YORK SUPERIOR COURT.

## WHITMAN agt. NICOL.

*Costs on a motion for judgment on account of the frivolousness of the demurrer.*

On the decision of a motion at special term for judgment, on the ground of the frivolousness of a demurrer, the costs of a motion (ten dollars) only are taxable.

Where the order and the judgment entered thereon are both appealed from to the general term, the appellant, if successful, is entitled to full costs of an appeal from the judgment, and ten dollars motion costs at special term.

An appeal does not lie from an order overruling a demurrer as frivolous, before entry of judgment thereon.

*Special Term, January* 30, 1875.

IN this case the defendant demurred to the complaint, and the plaintiff moved at special term for judgment upon it as frivolous. The court granted the motion, and the following order was entered:

" Ordered and adjudged that the demurrer of the defendant herein be, and the same is hereby overruled as frivolous, and that the plaintiff have judgment for the relief demanded in the complaint, with the costs of the action."

Several days afterward the following judgment was entered:

" An order having been entered overruling the demurrer as frivolous, and directing judgment in favor of the plaintiff; now on motion, &c., it is ordered and adjudged that the plaintiff recover of the defendant the sum of, &c. (the

amount claimed in the complaint), with &c., his costs and dis-bursements."

. The defendant appealed tó the general term "from the order setting aside the demurrer as frivolous, and directing judgment, and also from the judgment entered herein, &c."

The general term reversed the judgment, with costs, and ordered judgment for the defendant upon the demurrer, with costs, but gave leave to the plaintiff to amend, on payment of the costs of the demurrer and subsequent proceedings.

The plaintiff elected to amend, and the clerk in adjusting the costs, allowed as costs of the special term the full costs as upon a trial, and of the general term the full costs of an appeal from a judgment.

The plaintiff appealed from the taxation.

*G. W. Cotterell,* for plaintiff.

*Mr. Palmer,* for defendant.

. MONELL, *C. J.* — The order made at the special term was upon a motion for judgment on account of the frivolousness of the demurrer, under section 247 of the Code.

Without attempting to reconcile or determine between the conflicting opinions, I will follow the decision of this court in *The Butchers & Drovers' Bank* agt. *Jackson* (22 *How. Pr. R.,* 470), which holds that only a motion fee is taxable upon the motion at special term (*see, also, Bell* agt. *Noah,* 24 *How. Pr. R.,* 478).

Those were cases where the party prevailing in the motion to overrule the demurrer claimed costs as of a trial, as a part of his judgment. But, upon the denial of such a motion, the demurring party could only claim interlocutory costs. Having been unsuccessful below, he cannot have any other costs upon the reversal.

But upon the appeal, the appellant is entitled to the full costs of an appeal from a judgment.

In *Joannes* agt. *Day* (3 *Robt.*, 650), we held that an appeal does not lie from an order overruling a demurrer as frivolous. That the motion, under the Code, is for judgment, and that judgment must be actually entered, after an assessment of damages, and the appeal must be from such judgment.

In this case the judgment was actually entered, and the appeal was not from the order exclusively, but also from the judgment; and it was entertained only because it was an appeal from the judgment.

It was not, therefore, an appeal under section 349 of the Code, but it falls within the fifth subdivision of section 307, and the appellant is entitled to the costs therein specified.

It will be observed that both the order and judgment are absolute and without condition. The demurrer was overruled as frivolous, and judgment was ordered for the plaintiff in the action. No one can doubt that had the general term affirmed the judgment, the respondent would have been entitled to the full costs of an appeal from a judgment. Why should not the appellant be entitled at the same rate upon a reversal?

The case of *Hoffman* agt. *Barry* (2 *Hun*, 52); sustains this view, although that was an appeal from an order overruling a demurrer, and granting leave to amend.

The court held, that while the right to amend was unexpired, it was a mere order, and upon the appeal from it, motion costs only were taxable. But they say when the order becomes final by the expiration of the time to amend, full costs are allowed on the appeal.

The costs must be readjusted by disallowing all costs of the special term, except a motion fee of ten dollars.